UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANDRA IMMERSO,

                Plaintiff,

      -against-

U.S. DEPARTMENT OF LABOR,

                Defendant.

**MEMORANDUM & ORDER**

**19-CV-3777 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

In 2019, Plaintiff Sandra Immerso brought this action against the U.S. Department of Labor ("DOL"), seeking to compel disclosure of an unredacted copy of an email pursuant to the Freedom of Information Act ("FOIA"). On November 20, 2020, the court granted summary judgment in favor of the Department of Labor. (*See* Mem. & Order Granting Summ. J. ("M&O") (Dkt. 64).) The court also warned Plaintiff, for the third time, that further frivolous motion practice would be met with sanctions. (*Id.* at 19-20.) The court issued a fourth warning on December 1, 2020. (*See* Dec. 1, 2020 ECF Order.) On December 7, 2020, the court directed the Government to file an application for sanctions. (*See* Dec. 7, 2020 ECF Order.) The Government filed a motion for sanctions on December 11, 2020, and the parties filed briefs setting forth their positions on the motion. (*See* Mot. for Sanctions ("Sanctions Mot.") (Dkt. 71); Gov't. Mem. in Supp. of Mot. for Sanctions ("Sanctions Mem.") (Dkt. 71-1); Pl.'s Mem. in Opp. to Mot. for Sanctions ("Sanctions Opp.") (Dkt. 81); Gov't Reply Mem. in Supp. of Mot. for Sanctions ("Sanctions Reply") (Dkt. 85).) Currently pending before the court is the Government's Motion for Sanctions; also pending are ten post-judgment motions filed by Plaintiff.[1]

---

[1] *See* Mot. for Reconsideration (Dkt. 70); Mot. to Set Aside J. (Dkt. 73); Mot. to Alter J. (Dkt. 75); Mot. to Set Aside J. (Dkt. 76); Mot. to Produce

1

For the reasons set forth below, the Government's Motion for Sanctions is GRANTED, and the court imposes filing injunction sanctions on Plaintiff and her counsel. Plaintiff's pending motions will be addressed in a forthcoming order.

## I. BACKGROUND

### A. Factual and Procedural Background

On October 28, 2015, in connection with a discovery dispute in a worker's compensation proceeding brought by claimant Maria Jordan against respondent employer DynCorp International LLC ("DynCorp"), DynCorp's outside counsel provided Administrative Law Judge ("ALJ") Larry S. Merck, *in camera*, with a copy of an internal DynCorp email correspondence, consisting of five emails. (Def. Stmt. Pursuant to Local Rule 56.1 ("Def. 56.1") (Dkt. 24) ¶¶ 1-2.) DynCorp represented in a cover letter, a copy of which was sent to Ms. Jordan, that portions of the email chain were privileged, including the body of an email ("the Powers email") sent by Darin Powers to in-house attorney Christopher Bellomy and other recipients. (*Id.*) On February 9, 2016, ALJ Merck denied Ms. Jordan's motion to compel production of the Powers email because he determined that it contained privileged attorney-client communications and confidential information, and he placed the unredacted email under seal. (*Id.* ¶ 3.)

On June 9, 2016, attorney Jack Jordan – Ms. Jordan's husband, and Plaintiff's attorney in this case – first submitted a FOIA request to DOL for an unredacted copy of the Powers email. (*Id.* ¶ 10.) In response, DOL released the cover letter that accompanied DynCorp's *in camera* submission to ALJ Merck and a redacted copy of the four-page email chain. (*Id.* ¶ 11.) The redacted portions included the entire body of the Powers email, over which

---

(Dkt. 77); Mot. for Pre-Mot. Conference (Dkt. 84); Mot. for Pre-Mot. Conference (Dkt. 86); Mot. to Amend Mot. to Set Aside J. (Dkt. 98); Mot. for Pre-Mot. Conference (Dkt. 99); Mot. for Pre-Mot. Conference (Dkt. 100).

DOL asserted FOIA Exemption 4.[2] (*Id.*) According to DOL, as of October 2019, Mr. Jordan had submitted 38 FOIA requests, some on his own behalf and some on behalf of his wife or other clients, mostly seeking to obtain the unredacted Powers email. (*Id.* ¶ 49.) He has also repeatedly and unsuccessfully challenged DOL's assertion of Exemption 4 over redacted portions of the Powers email through litigation.[3]

On January 9, 2019, Mr. Jordan, acting at least nominally on behalf of Plaintiff Sandra Immerso, submitted the FOIA request at issue in this case, in which he again sought from DOL the unredacted Powers email. (Immerso FOIA Request (Dkt. 26) at ECF p. 8.) On March 5, 2019, DOL sent Mr. Jordan a response in which it withheld the body of the Powers email, citing FOIA Exemption 4. (Frank Clubb Email of Mar. 5, 2019 ("Clubb Mar. 5 Email") (Dkt. 26) at ECF p. 11.) Plaintiff challenged the withholding first through an administrative appeal, and then by filing this action in federal court. (Def. 56.1 ¶ 8; Compl. (Dkt. 1).)

### B. Prior Motion Practice

Plaintiff, represented by Mr. Jordan, filed her complaint on June 28, 2019. (Compl.) On August 7, 2019, DOL filed a letter requesting a pre-motion conference for its anticipated motion to dismiss and seeking an extension of its time to answer the complaint to 21 days after the court's decision on the motion. (Pre-Mot. Conf. Request Ltr. (Dkt. 6).) Plaintiff filed a letter opposing the routine

---

[2] FOIA Exemption 4 applies to matters that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

[3] *See Jordan v. U.S. Dep't of Lab.* ("*Jordan I*"), 273 F. Supp. 3d 214 (D.D.C. 2017), *aff'd*, *Jordan v. U.S. Dep't of Lab.* ("*Jordan II*"), No. 18-5128, 2018 WL 5819393 (D.C. Cir. Oct. 19, 2018); *Jordan v. U.S. Dep't of Just.*, No. 17-CV-2702 (RC), 2019 WL 2028399 (D.D.C. May 8, 2019); *Jordan v. U.S. Dep't of Lab.*, No. 18-CV-06129 (ODS), 2018 WL 6591807 (W.D. Mo. Dec. 14, 2018), *aff'd*, *Jordan v. U.S. Dep't of Lab.*, 794 F. App'x 557, 557 (8th Cir. 2020); *Campo v. U.S. Dep't of Just.*, No. 19-CV-905 (ODS), 2020 WL 3966874 (W.D. Mo. July 13, 2020); *Talley v. U.S. Dep't of Lab.*, No. 19-CV-493 (ODS), 2020 WL 3966312 (W.D. Mo. July 13, 2020).

extension sought by DOL. (Mem. in Opp. to Def.'s Pre-Mot. Conf. Request Ltr. (Dkt. 7).) After the court approved the requested conference and extension, Plaintiff filed a motion for reconsideration. (Mot. for Recons. of Aug. 8, 2019 Minute Order (Dkt. 10).) The court denied that motion and scheduled the pre-motion conference. (Aug. 16, 2019 ECF Order.) Plaintiff filed a motion seeking reconsideration of the court's order denying her motion for reconsideration of DOL's conference and extension request. (Mot. for Recons. (Dkt. 12).) The court denied the motion and held the pre-motion conference, at which it granted DOL leave to file a motion to dismiss or, in the alternative, for summary judgment, and set a briefing schedule. (Oct. 4, 2019 Minute Entry.)

On November 14 and 15, 2019, Plaintiff filed two successive motions seeking pre-motion conferences to discuss her proposed motions for summary judgment, to compel discovery, and for discovery sanctions. (Mot. for Pre-Mot. Conference (Dkt. 15); Mot. for Pre-Mot. Conference (Dkt. 16).) The court denied Plaintiff's requests, directed the parties to file a proposed briefing schedule for Plaintiff's summary judgment motion, and instructed Plaintiff to raise any discovery-related issues with Magistrate Judge Vera M. Scanlon. (Nov. 25, 2019 ECF Order.) Plaintiff filed two more motions on December 2, 2019, in which she asked that the court extend her deadline to file a proposed briefing schedule for her summary judgment motion and make an exception to its local rule requiring the bundling of motion papers. (Mot. for Leave to File Doc. (Dkt. 17); Mot. for Extension (Dkt. 18).) Those motions were dismissed as moot and denied, respectively. (*See* Dec. 3, 2019 ECF Orders.) In response, Plaintiff filed another motion for reconsideration, which was denied. (Mot. for Recons. (Dkt. 21); Mar. 13, 2020 ECF Order.)

On December 4, 2019, DOL filed its fully briefed motion to dismiss or, in the alternative, for summary judgment. (Mot. to Dismiss (Dkt. 23).) The same day, Plaintiff filed a motion to compel release of portions of the Powers email, in which she also sought sanctions against DOL. (Mot. to Compel and Mot. for

Sanctions (Dkt. 22).) Plaintiff subsequently filed two further motions, styled as a Motion for Discovery and a Motion for Disclosure, reiterating the claims in her Motion to Compel while that motion was pending. (*See* Mot. for Discovery (Dkt. 49); Second Mot. for Disclosure (Dkt. 50).) While her motion for discovery and sanctions was pending, Plaintiff also filed another request for a pre-motion conference regarding another proposed motion for sanctions. (Mot. for Pre-Mot. Conference (Dkt. 36).)

On January 3, 2020, Plaintiff filed her fully briefed motion for summary judgment. (Pl.'s Mot. for Summ. J. (Dkt. 42).) On March 2, 2020, Magistrate Judge Vera M. Scanlon issued a Memorandum and Order denying Plaintiff's request for sanctions and denying all three pending motions seeking disclosure of portions of the Powers email. (Mar. 2, 2020 Mem. & Order (Dkt. 52).) Judge Scanlon wrote that "[t]he court agrees with the DOL that [Plaintiff's] motion [to compel discovery and for sanctions] is meritless, bordering on frivolous" and warned Mr. Jordan that sanctions would be imposed if his motions failed to comply with Federal Rule of Civil Procedure 11(b). (*Id*. at 7.)

The same day that Judge Scanlon issued her Memorandum and Order, Plaintiff filed a Motion for Reconsideration of Judge Scanlon's decision, followed, the next day, by a Supplemental Motion for Reconsideration, and nine days later by a Motion for a Pre-Motion Conference to discuss a new anticipated Motion to Compel and Motion for Sanctions. (Mot. for Recons. (Dkt. 53); Suppl. Mot. for Recons. (Dkt. 54); Mot. for Pre-Mot. Conference (Dkt. 55).) The court denied those motions, reminded Plaintiff that the parties' dispositive cross-motions were still pending, and warned Plaintiff that "further frivolous motion practice attempting to obtain in discovery the very relief sought in Plaintiff's . . . complaint will be met with sanctions." (Mar. 13, 2020 ECF Order.) Plaintiff immediately filed a motion for reconsideration of the court's order. (Mot. for Recons. (Dkt. 56).) The next day, she again requested a pre-motion conference to discuss another proposed motion to compel discovery and motion for sanctions. (Mot. for Pre-Mot. Conference (Dkt. 57).) While that request was pending, Plaintiff filed two additional motions reiterating the

same request. (Mot. for Pre-Mot. Conference (Dkt. 60); Mot. for Pre-Mot. Conference (Dkt. 62).)

On November 20, 2020, the court issued a memorandum and order in which it granted summary judgment for DOL and denied Plaintiff's motion for summary judgment and all other pending motions by Plaintiff. (M&O at 21.) In discussing Plaintiff's four pending non-dispositive motions, the court noted that "[n]one of these motions have merit, and all of them seek to reiterate and relitigate arguments that the court has already considered and rejected." (*Id*. at 20.) The court therefore "reiterate[d] its prior warnings to Plaintiff about the consequences of filing frivolous motions" and warned that "[f]urther entreaties for the court to entertain arguments already considered and rejected will require the court and the Defendant to expend unnecessary time and resources, and will be construed as frivolous and met with sanctions." (*Id*.)

The court entered final judgment against Plaintiff on November 23, 2020. (Clerk's J. (Dkt. 65).) The next day, Plaintiff filed two requests for pre-motion conferences, in which she outlined four motions that she intended to file. (Mot. for Pre-Mot. Conference (Dkt. 66); Mot. for Pre-Mot. Conference (Dkt. 67).) On December 1, 2020, the court denied those motions, reiterated that "further frivolous or excessive motion practice by Plaintiff will be met with sanctions," and warned that "[t]he court . . . will impose leave-to-file sanctions if Plaintiff makes a subsequent motion seeking to relitigate issues already considered and decided by this court." (Dec. 1, 2020 ECF Order.)

Three days later, on December 4, Plaintiff filed a request for evidence pursuant to Rule 16 of the Federal Rules of Criminal Procedure. (Not. of Request for Evid. (Dkt. 68).) The court denied the request and directed DOL to file a motion for sanctions. (Dec. 7, 2020 ECF Order.) Plaintiff filed a motion for reconsideration in which she repeatedly referred to the court's conduct as "criminal[]." (Mot. for Recons. (Dkt. 70) at 1.) DOL filed the pending sanctions motion on December 11, 2020. (*See* Sanctions Mot.) Since that time, Plaintiff has filed ten additional motions.

(*See* Mot. for Ext. of Time. (Dkt. 72); Mot. to Set Aside J. (Dkt. 73); Mot. to Alter J. (Dkt. 75); Mot. to Set Aside J. (Dkt. 76); Mot. to Produce (Dkt. 77); Mot. for Pre-Mot. Conference (Dkt. 84); Mot. for Pre-Mot. Conference (Dkt. 86); Mot. to Amend Mot. to Set Aside J. (Dkt. 98); Mot. for Pre-Mot. Conference (Dkt. 99); Mot. for Pre-Mot. Conference (Dkt. 100).)

## II. LEGAL STANDARD

"Courts are 'vested, by their very creation, with power to impose silence, respect, and decorum[] in their presence, and submission to their lawful mandates.'" *Int'l Techs. Marketing Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 367 (2d Cir. 2021) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).[4] "[T]his power is not conferred by rule or statute," but rather "springs from the nature of the judicial institution . . . and enables courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. "As part of this inherent power, a court can control admission to its bar and discipline attorneys who appear before it . . . [and] impose monetary sanctions against a litigant (or its counsel) for misconduct." *Id*. This "inherent power 'must be exercised with restraint and discretion.'" *Id*. at 368 (quoting *Chambers*, 501 U.S. at 44). "An award of sanctions under the court's inherent power must be based on clear evidence and must be accompanied by a high degree of specificity in the factual findings." *Mickle v. Morin*, 297 F.3d 114, 125-26 (2d Cir. 2002). "Before imposing sanctions, the court must afford the person it proposes to sanction due process, *i.e.*, notice and opportunity to be heard." *Id*. at 126.

Courts also possess the statutory authority to impose certain sanctions, pursuant to 28 U.S.C. § 1927. Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To impose

---

[4] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

sanctions under § 1927, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018). "A court may infer bad faith when a party undertakes frivolous actions that are completely without merit." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018).

The court may also impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11(b) provides that an attorney who "present[s] to the court a pleading, written motion, or other paper . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b), (1). When a court "determines that Rule 11(b) has been violated," it may, after giving "notice and a reasonable opportunity to respond . . . impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed R. Civ. P. 11(c)(1). The court may impose sanctions either in response to a motion seeking sanctions or *sua sponte*. Fed. R. Civ. P. 11(c)(2), (3). Sanctions imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

### III. DISCUSSION

#### A. Plaintiff's Frivolous and Vexatious Filings

"In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith,

i.e., motivated by improper purposes such as harassment or delay." *Emmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012). The court may infer bad faith "only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Id*.

While the court found, in granting summary judgment for DOL, that Plaintiff's claim that DOL unlawfully withheld the redacted portions of the Powers email in response to her FOIA request lacked merit, her Complaint is not itself frivolous or vexatious. Nor, as a general matter, does the court consider isolated, well supported requests that it reconsider key aspects of prior rulings to be frivolous or vexatious. But Ms. Immerso and Mr. Jordan's strategy in this case, as evinced over the course of more than fifty motions, letters, memoranda, and other filings to the docket, is to aggressively contest every decision with which they disagree, to insult opposing counsel and this court with accusations that they have behaved deceitfully and criminally, to reiterate arguments that have already been resolved, and to deliberately ignore all reprimands and warnings regarding the aforementioned behavior. Ms. Immerso and Mr. Jordan are no doubt frustrated to find that this court – like the other courts before which Mr. Jordan has litigated the same issue – is unpersuaded by their arguments. But no matter how frustrated a litigant or attorney is to find that the door has closed on the relief it sought, it is not justified in pounding aggressively on the closed door ad nauseum, let alone pounding with both its fists, kicking with both its feet, and bashing its head against the door just to make a point. That is effectively how Mr. Jordan, purporting to act on behalf of Ms. Immerso, has conducted himself in this case. As such, his battering-ram style of advocacy has plainly crossed the line that separates zealousness from vexatiousness.

The court has repeatedly warned Ms. Immerso and Mr. Jordan that they should refrain from "attempting to obtain in discovery the very relief sought in Plaintiff's complaint" and from "seek[ing] to reiterate and relitigate arguments that the court has already considered and rejected." (Mar. 13, 2020 ECF Order;

9

M&O at 20.) On four occasions, the court specifically warned Ms. Immerso and Mr. Jordan that it would impose sanctions if they continued to file redundant motions. (Mar. 2, 2020 Mem. & Order; Mar. 13, 2020 ECF Order; M&O; Dec. 1, 2020 ECF Order.) Each of those warnings went unheeded. All told, Plaintiff has filed at least 33 motions in this case. She has filed at least 21 of those motions since March 2, 2020, when Judge Scanlon first warned Plaintiff about the possibility of sanctions; at least eighteen of those motions since the court's second warning, on March 13, 2020; at least fourteen of those motions since the court granted summary judgment for DOL and issued its third warning on November 20, 2020; and at least twelve motions since the court's fourth warning on December 1, 2020.

At least seven of Plaintiff's motions have been styled as motions for reconsideration, but that official tally understates the redundancy of Plaintiff's arguments. Virtually all of Plaintiff's motions seek the same relief that the court has repeatedly declined to grant – the compelled disclosure of redacted portions of the Powers email – on the basis of factual allegations and legal arguments that the court has already reviewed and rejected. (Where Plaintiff seeks relief other than the compelled disclosure of the Powers email, she primarily makes a frivolous case for sanctions against DOL for failing to accede to her efforts to compel disclosure of the Powers email.) Arguments that may have been non-frivolous in the first instance, even if they were ultimately unsuccessful, have been rendered increasingly frivolous through repetition after the court has already resolved the issues raised therein. Moreover, Plaintiff has repeatedly filed motions while prior motions seeking the identical relief are still pending.[5]

---

[5] Plaintiff has also seized on procedural minutiae, attempting to make mountains out of such molehills as the court's bundling rule for motion papers or the court's decision to grant a routine extension request or conference request by DOL. (*See* Pl.'s Mot. to Recons. Order Granting Ext. of Time to Respond to Complaint (Dkt. 10-1); Pl.'s Mot. to Recons. Order Granting Pre-Mot. Conf. (Dkt. 12-1); Pl.'s Ltr. Mot. for Leave to File Doc. Requesting Exception to Court's Bundling Rule (Dkt. 17).)

Mr. Jordan's gratuitous approach to motion practice suggests that his primary objective in this action is not to persuade the court of his client's position through effective advocacy, but rather to inundate the court with numerous, duplicative filings in order to make a point of his displeasure. At best, Mr. Jordan's approach to litigating this case has been a kind of performance art: motion practice as a way of protesting against administrative and judicial decisions with which he disagrees. At worst, his naked objective appears to be to force the DOL and the court to expend a disproportionate amount of their resources on his grievances. Either way, the procedural history in this case, to say nothing of Mr. Jordan's track record in other similar cases, makes plain that being a thorn in the court's side is a central tenet of his litigation philosophy, and not merely an incidental byproduct. The court does not doubt that Mr. Jordan sincerely wants to obtain the relief he seeks, but his manner of pursuing such relief suggests that the majority of his filings in this case are tailored to the goal of burdening the court and opposing counsel, more so than they are tailored to the goal of prevailing in this action. At minimum, the volume and redundancy of his filings, in pursuit of relief that the court has clearly explained that he is not entitled to receive, demonstrates that harassing and burdening the court and opposing counsel is among his primary objectives.

Mr. Jordan's arguments in support of his client's position have also been marked by egregious displays of disrespect towards the court and opposing counsel. Mr. Jordan, apparently objecting to the fact that the court received *in camera* a copy of the Powers email but has not acceded to Mr. Jordan's demands that he be given access to it, has resorted to slanderous accusations. He has repeatedly accused this court and opposing counsel of engaging in a conspiracy against him and his client, and he has described this district judge's conduct, in granting DOL's motion for summary judgment, as intentionally criminal and treasonous.[6] Mr.

---

[6] *See, e.g.,* Mot. for Recons. (Dkt. 70) at 1 ("The conduct and intent of Judge Garaufis in and with the Order is plainly, irrefutably and intentionally criminal."); Mem. in Supp. of Mot. for Recons. (Dkt. 70-1) at 5 ("Judge

Jordan's rhetoric plainly exceeds the boundaries of zealous advocacy and injects a noxious incivility into these proceedings. The tone of his filings corroborates the court's conclusion that such filings are not good faith efforts to persuade the court that it erred in granting summary judgment for DOL, but rather a means of harassing the court for resolving the case in a matter with which Mr. Jordan disagrees. His baseless accusations not only disrespect opposing counsel and this court; they also infect this litigation with a dangerous and alarmingly prominent kind of discourse, notable for the kneejerk tendency to malign one's adversary or a decisionmaker with whom one disagrees as criminal or corrupt, that undermines public faith in the judicial process and destabilizes the rule of law. Such discourse in this court is impermissible, and this court will not tolerate it further.

---

Garaufis's conduct and contentions amount to nothing less than crimes and confessions to crimes."); Reply in Opp. to Gov't's Mem. in Opp. to Mot. to Set Aside J. (Dkt. 94) at 5-8 ("Judge Garaufis personally is criminally concealing relevant evidence and material facts. . . . Involving judges in a criminal conspiracy does not make such conspiracy any less criminal."); Not. of Demand for Parts of Powers Email (Dkt. 95) at 5-8 ("Judge Garaufis repeatedly committed treason to the Constitution by criminally concealing (and helping DOJ attorneys[] criminally conceal[]) the parts of Powers' email that Jordan is requesting . . . . Judge Garaufis sought to criminally intimidate and punish Jordan. . . . Judge Garaufis, [Assistant U.S. Attorney Katherine] Mahoney and [former Acting U.S. Attorney Seth] DuCharme repeatedly criminally conceal evidence and criminally violate Jordan's rights . . . . Any judge's or agency employee's knowing violation of any of Jordan's rights under the Constitution or federal law is so illegal it is criminal."); Reply in Opp. to Ltr. from Def. (Dkt. 97) at 2-3 ("Judge Garaufis proved that he conspired with DOJ attorneys, specifically, to conceal evidence of whether DOJ attorneys lied . . . . Judge Garaufis emphasized that he especially was helping the DOJ attorneys conceal evidence. . . ."); Mot. for Pre-Mot. Conf. (Dkt. 99) at 2 ("For at least about 18 months, Judge Garaufis has *helped and encouraged* DOJ attorneys persist in their lies and crimes to conceal evidence. . . .") Mot. for Pre-Mot. Conf. (Dkt. 100) at 2-3 ("Judge Garaufis knowingly illegally granted the DOL summary judgment based on an utterly unfounded contention . . . . Judge Garaufis openly admitted his illegal purpose for helping DOJ and DOJ employees conceal evidence.").

### B. The Appropriateness of Sanctions

This court has repeatedly warned Ms. Immerso and Mr. Jordan that it considered their conduct in this action to be sanctionable, and it has provided Plaintiff with an opportunity to be heard on the subject of sanctions. (*See* Dec. 14, 2020 ECF Order (directing Plaintiff to respond to DOL's Motion for Sanctions); Pl.'s Resp. in Opp. to Not. of Mot. for Sanctions (Dkt. 81).) Accordingly, the court finds that Plaintiff and her counsel have been afforded the requisite notice and opportunity to be heard. It therefore concludes that the imposition of appropriately narrow sanctions will not violate Ms. Immerso's or Mr. Jordan's due process rights. *See Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999).

In imposing sanctions against Ms. Immerso and Mr. Jordan, the court acts pursuant to its inherent authority. While it believes that sanctions would also be justified under both 28 U.S.C. § 1927 and Rule 11(c) of the Federal Rules of Civil Procedure, in light of strong indications that Plaintiff filed many of her duplicative papers in bad faith, it does not impose sanctions under those provisions at this time. Rather, the court acts in accordance with its "power and [] obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000).

"With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints." *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994). A filing injunction against an attorney may be appropriate where the attorney "abuse[s] the process of the Court to harass and annoy others with meritless, frivolous, vexatious or repetitive appeals and other proceedings." *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981). Restrictions on the "bringing of new actions" may be reasonable

13

so long as they "do[] not prohibit" the subject litigant or attorney "from seeking access to other federal district courts," but rather "merely require[] that he inform the court in question of pertinent facts concerning the action he seeks to bring . . . [and] obtain leave of that court to file the action." *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). In particular, where a litigant or attorney has shown a propensity to engage in similar forms of vexatious litigation in multiple venues, "[w]e need not wait until . . . [he] inundates each federal district court with meritless actions to condition access to that court upon a demonstration of good faith." *Id.*

In imposing sanctions on Ms. Immerso and Mr. Jordan, the court has three primary goals. First, it wishes to prevent further frivolous and vexatious conduct in the instant action. Second, it wishes to protect this federal district court from the need to expend unnecessary judicial resources addressing frivolous or vexatious conduct by Ms. Immerso or Mr. Jordan in other actions. Third, it wishes to make other federal district courts before which Mr. Jordan appears aware of this court's concerns regarding his conduct so that such courts may, from the outset of the litigation, put Mr. Jordan on notice that they will not tolerate frivolous or vexatious conduct. Accordingly, the court imposes the following sanctions, all of which take the form of non-monetary filing injunctions:

- Plaintiff Sandra Immerso and/or her counsel, attorney Jack Jordan, may not make any further filings in this action, *Immerso v. U.S. Department of Labor*, 19-cv-3777, without first obtaining leave of this court;

- Plaintiff Sandra Immerso may not initiate any new proceeding in the Eastern District of New York without first obtaining leave of this court;

- Attorney Jack Jordan may not initiate any new proceeding in the Eastern District of New York without first obtaining leave of this court;

- Attorney Jack Jordan must file a copy of this Memorandum and Order on the docket of any pending case in federal district court in which he has entered an appearance, as well as on the docket of any new case in which he files an appearance within one year from the date of this Memorandum and Order; and

- Attorney Jack Jordan must file a copy of this Memorandum and Order on the docket of any new case that he initiates in federal district court against a federal government defendant within five years from the date of this Memorandum and Order, if such case concerns an effort to obtain access to all or part of the Powers email.

### IV.     CONCLUSION

For the reasons stated above, the court GRANTS Defendant's (Dkt. 71) Motion for Sanctions and IMPOSES the aforementioned filing injunctions on Sandra Immerso and Jack Jordan.

SO ORDERED.

Dated:     Brooklyn, New York
           July 27, 2021

                                              /s/ Nicholas G. Garaufis
                                              NICHOLAS G. GARAUFIS
                                              United States District Judge